## Downing, et al. v. Hughes.

(Decided December 17, 1926.)

### Appeal from Allen Circuit Court.

1. Appeal and Error—Chancellor's Finding that Daughter Had Not Released Share in Her Father's Estate to Her Mother Held Conclusive—Chancellor's finding of fact on question whether daughter

had released her share of her father's estate to her mother held conclusive.

2. Descent and Distribution—Plaintiff's Brothers and Sisters Held Not Liable to Her for Her Share in Her Father's Estate.—In action to recover interest in estate of plaintiff's father, judgment held improperly entered against plaintiff's brothers and sisters, who had released their interest in such estate to their mother and received none of plaintiff's share.

3. Descent and Distribution—Plaintiff Held Not Entitled to Share in Proceeds of All Land Sold by Her Mother, Part Only of Which Belonged to Her Father's Estate.—Where only part of land sold by plaintiff's mother belonged to estate of her father, plaintiff was not entitled to share in proceeds of sale to same extent as she shared in estate.

A. J. OLIVER and N. F. HARPER for appellants.

W. D. GILLIAM, for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming in part and reversing in part.

About the year 1899, J. H. Downing, the owner of a farm of 250 acres in Allen county, died intestate, survived by a widow and six children, five of whom were infants. Appellee, Maggie Hughes, daughter, was then about fourteen years old and unmarried. The widow and children resided upon the farm and managed to make a living. When she was eighteen (18) years of age Maggie married Dr. Hughes and moved away. The other children married as they became of age and established homes of their own. Jim was the youngest, and he remained with his mother until he was slightly over twenty-one years of age, when he married and moved to a home of his own. At the time of the death of J. H. Downing he owned a small amount of personal property but had a life insurance policy for $2,000.00 in which his wife was beneficiary. This was collected by her, but instead of keeping it for herself she distributed it around among her children as they needed it. The proceeds of the personal property that was sold was treated in like manner. Mrs. Downing, who was a Johnson, inherited a large boundary of land from her father and another boundary from her mother, all adjoining property owned by the husband and which was conveyed to him by his father-in-law, Mr. Johnson, shortly after his marriage to Bettie, the daughter of Johnson. Some years after the death of Downing, the widow sold a small parcel of land to one Stinson, and she and the children, when they became of

age, conveyed the same to him by deed. She also conveyed another small tract to one Wilson, she and the children joining in a deed to him. In each instance the widow collected the money, but she distributed it among the children as they needed it. The price was low and the sum realized small. In 1922, the widow sold 417 acres to her son, Jim, at the price of $6,000.00, crediting the sale price by $1,000.00 for services and improvements put upon other land, and took the note of Jim for $5,000.00, the balance of the purchase price. All of the children joined in this deed and, according to the widow, all considered and agreed that she should have the full sale price for her own use and benefit. All the children, except Maggie, testified that the mother was to have all the money, and Maggie testified that she signed the deed and acknowledged it and was willing for her mother to sell the land, but she says she did not consent that her mother should have her share of the sale price. Some two years after this last sale Maggie, who had separated from her husband and had become estranged from her mother and family, demanded that she be paid one-sixth (1/6) of all the money realized from her father's estate, including the sale of the several tracts of land. Her mother denied that she was entitled to receive any part of it, and this suit was instituted by Maggie against her mother and brothers to recover one-sixth (1/6th) of all the estate of her deceased father. On hearing the chancellor found that Maggie had not given her part of the sale price to her mother, and rendered judgment against all of the defendants for $1,000.00, and the widow and brothers appeal.

While it is charged in the petition that valuable timber had been taken from the lands of the deceased, one-sixth of which belonged to Maggie, there is no evidence to support this. Neither is there evidence to support the averments in the petition that the brothers had used and occupied the farm and were indebted on this account to Maggie for rents. Upon the question of whether the mother gave to Maggie some of the money received from the sale of the small tract of land to Stinson and the other tract to Wilson, there is some confusion and conflict in the evidence. There is none, however, as to the sale price of the 417 acres to Jim Downing, for it is admitted that Mrs. Hughes received nothing from that sale nor has anything been paid in money. There is, how-

ever, a great deal of contradiction in the evidence upon the question of whether Maggie gave her mother her share of the sale price, but the chancellor, whom we must presume had a personal acquaintance with the parties and witnesses, and was, therefore, better able to judge of the credibility of those giving testimony than are we, found that Maggie had not released to her mother her share of the sale price of the land, and as this finding is supported by a considerable part of the evidence and cannot be said to be against the weight thereof, it will not be disturbed. However, we are of opinion that the court was in error in entering a judgment against the other children in favor of Maggie, because there is no evidence whatever to show that any of them received anything from the estate more than Maggie received, or had any benefit of the land or timber except while they resided with their mother before they arrived at full age. The judgment to this extent must be reversed. So also must it be reversed with respect to the amount allowed Maggie for her share. Of the land sold to Jim Downing for $6,000.00 only a small part belonged to the estate of J. H. Downing; the balance of it was taken from the lands of the widow, Bettie Downing, who had inherited it from her father. To that part which she inherited from her father she had perfect title independent of her children, and could sell and convey it to whomsoever she pleased. That portion of the land sold to Jim Downing which was taken from the father's estate amounted to only about 125 acres, whereas the whole boundary for which she was to receive $6,000.00 contained 417 acres. Had the lands all belonged to the estate of J. H. Downing, Maggie's share could not have been more than $1,000.00, and inasmuch as the share of the land sold to Jim only contained a small amount of land taken from the father's estate, Maggie's recovery must be reduced in proportion. Giving her credit for all she can reasonably claim she can not have more than $400.00 due her, and this may be too liberal an allowance; but the court has decided that on a return of the cause the lower court will enter a judgment in that amount in favor of Mrs. Hughes. The balance of the land of the estate of J. H. Downing, subject to the widow's homestead, belongs equally to Maggie and the other children, unless they have conveyed their shares, and may be divided or sold at the death of the widow.

Judgment affirmed in part and reversed in part.